```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| JEFFREY NORKUNAS, | 1:19-cv-627-NLH-KMW |
| Plaintiff, | **OPINION** |
| v. | |
| SOUTHERN PENNSYLVANIA TRANSPORTATION AUTHORITY, | |
| Defendant. | |

**APPEARANCES:**

JEFFREY NORKUNAS
37 OAK ST.
SALEM, New Jersey 08079

   *Pro se Plaintiff.*

BRAD M. KUSHNER
STEVENS & LEE
1818 MARKET STREET
29TH FLOOR
PHILADELPHIA, PENNSYLVANIA 19103

BRANDON SHABY SHEMTOB
STEVENS & LEE
1818 MARKET STREET
29TH FLOOR
PHILADELPHIA, PENNSYLVANIA 19103

   *On behalf of Defendant.*

**HILLMAN, District Judge**

   This is a disability discrimination action. Plaintiff alleges he was discriminated against by Defendant when it failed to give him a reduced-fare bus pass based upon his proven

disability until it received a form executed by his physician.
This matter comes before the Court on Defendant's motion to
dismiss for lack of personal jurisdiction.  For the reasons
expressed below, Defendant's motion will be granted, and the
matter will be transferred to the United States District Court
for the Eastern District of Pennsylvania.

## BACKGROUND

We take our brief recitation of the facts from Plaintiff's
Complaint ("Complaint" or "Comp.") and First Amended Complaint
("FAC").[1]  On various dates between November 1, 2018 and November

---

[1] This case presents a unique procedural issue requiring further
discussion.  Plaintiff filed his Complaint on January 15, 2019.
(ECF No. 1).  On May 17, 2019, Plaintiff filed a document, less
than one-half page in length and captioned as an "Amended
Complaint[,]" purportedly seeking to modify the initial
Complaint.  Since Defendant had not answered the Complaint, an
attempt by Plaintiff to amend it without leave of court was
procedurally proper. See Fed. R. Civ. P. 15.  While Plaintiff's
amended complaint (the "FAC") provides that Plaintiff "would
like to amend the complaint to read as such[,]" what follows are
merely three paragraphs (1) adding the State of Pennsylvania as
a defendant; (2) amending the amount of damages sought from
$25,000 to $2.5 million; and (3) including additional causes of
action against Defendant Southeastern Pennsylvania
Transportation Authority (SEPTA).  The FAC does not incorporate
any information from the initial Complaint or add any additional
facts to the present action.  Construing the FAC as a standalone
pleading, as Plaintiff suggests he wants this Court to do, would
lead the Court to find the FAC entirely deficient and
inoperative for failure to state a claim.  In light of
Plaintiff's pro se status, adopting such a position would be
inappropriate.  Instead, this Court concludes that the more
appropriate course forward is to read the FAC as simply
modifying Plaintiff's initial pleading.  Accordingly, the Court
will construe the initial Complaint to include the modifications

2

28, 2018, Plaintiff Jeffrey Nokunas ("Plaintiff") visited Defendant Southeastern Pennsylvania Transportation Authority[2] ("Defendant" or "SEPTA") at a courtesy desk located between 12th

---

Plaintiff sets forth in the FAC as the operative pleading in this action.

Because this Court finds it lacks personal jurisdiction over SEPTA, and because the modifications outlined in the FAC do not alter this Court's analysis on that issue, this action will be dismissed as against SEPTA, without prejudice, and transferred to an appropriate forum for any further litigation.

Similarly, while Plaintiff names Pennsylvania as a defendant in the FAC, Plaintiff has not served Pennsylvania with the FAC and fails to include any facts or allegations relating to that defendant in any of his pleadings. More importantly, Plaintiff's pleading deficiencies deprive this Court of any opportunity to analyze whether this Court may properly exercise subject matter jurisdiction over the state-defendant. Federal courts have an independent obligation to address issues of subject matter jurisdiction sua sponte and may do so at any stage of the litigation. See Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010). It is Plaintiff's burden to prove that subject matter jurisdiction would exist. Phillip v. Atl. City Med. Ctr., 861 F. Supp. 2d 459, 465 (D.N.J. 2012) (quoting Symczyk v. Genesis HealthCare Corp., 656 F.3d 189, 191 n. 4 (3d Cir.2011)) ("When subject matter jurisdiction is challenged[,] the plaintiff must bear the burden of persuasion."). Because the Court lacks sufficient basis to determine whether subject matter jurisdiction exists over the state-defendant – and the Court suspects it would not – the FAC as it relates to Pennsylvania must be dismissed, without prejudice, for want of subject matter jurisdiction. Should Plaintiff elect to file a second amended complaint as against Pennsylvania, it should do so in the transferee forum, consistent with this Opinion and the direction of the transferee court.

[2] Improperly pled as Southern Pennsylvania Transportation Authority.

and Market Streets in Philadelphia, Pennsylvania. (Comp. at 3). During those visits, Plaintiff attempted to obtain a "disabled reduced fare bus pass" by showing his "NJ Transit disable card" but was informed that such credentials were not accepted as proof of eligibility. (Comp. at 3). Plaintiff was provided with a form to take to his physician, presumably to validate Plaintiff's disability for purposes of obtaining a reduced-fare bus pass. (Id.). Instead of returning with the completed form, Plaintiff returned to the SEPTA facility with information suggesting he was receiving social security disability benefits. (Id.) Again, Plaintiff was turned away because he did not provide SEPTA with the completed form from his physician. (Id.). Plaintiff alleges that, because he was denied a reduced-fare bus pass despite presenting "federal paperwork proving disability[,]" SEPTA violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182 *et seq.*, and other various laws. (Id.; FAC at 1).

On May 31, 2019, Defendant moved to dismiss the FAC. (ECF No. 13). First, Defendant argues that dismissal under Rule 12(b)(2) of the Federal Rules of Civil Procedure is appropriate because this Court lacks personal jurisdiction over SEPTA. Alternatively, Defendant asks the Court to dismiss this action either for improper venue pursuant to Rule 12(b)(3) of the

4

Federal Rules of Civil Procedure or for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. On June 27, 2019, Plaintiff filed opposition. (ECF No. 15). Defendant filed a reply brief on July 9, 2019. (ECF No. 16). Plaintiff filed a "response" that this Court views as a sur-reply, without leave of Court, on August 5, 2019.[3] (ECF No. 17). As such, the present motion is fully briefed and ripe for adjudication.

## **DISCUSSION**

**A. Subject matter jurisdiction**

This Court exercises subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and exercises supplemental jurisdiction over any purported state law claims pursuant to 28 U.S.C. § 1367.

---

[3] Local Civil Rule 7.1(d)(6) provides that "[n]o sur-replies are permitted without permission of the Judge . . . to whom the case is assigned." Accordingly, the Court typically will not consider sur-replies that parties have filed without seeking and receiving leave to do so. Young v. United States, 152 F. Supp. 3d 337, 352 (D.N.J. 2015); Marias v. Bank of Am., N.A., Civ. A. No. 14-4986 (RBK), 2015 U.S. Dist. LEXIS 86121, 2015 WL 4064780, at *2 n.6 (D.N.J. July 1, 2015); Carroll v. Del. River Port Auth., Civ. A. No. 13-2833 (JEI), 2014 U.S. Dist. LEXIS 104004, 2014 WL 3748609, at *1 n.2 (D.N.J. July 29, 2014). Plaintiff did not seek leave to file a sur-reply, despite so filing one with the Court. Therefore, this Court will not consider Plaintiff's improper sur-reply. See, e.g., Roofers' Pension Fund v. Perrigo Co., PLC, No. 16-2805, 2017 U.S. Dist. LEXIS 132264, 2017 WL 3579208, at *3 (D.N.J. Aug. 18, 2017).

5

**B. Standard for Motion to Dismiss for Lack of Personal Jurisdiction**

Federal Rule of Civil Procedure 12(b)(2) provides for dismissal of an action when the Court does not have personal jurisdiction over a defendant. "Once challenged, the plaintiff bears the burden of establishing personal jurisdiction." O'Connor v. Sandy Lane Hotel Co., Ltd., 496 F.3d 312, 316 (3d Cir. 2007) (citing Gen. Elec. Co. v. Deutz AG, 270 F.3d 144, 150 (3d Cir. 2001)). In deciding a motion to dismiss for lack of personal jurisdiction, the Court must "accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." Carteret Sav. Bank v. Shushan, 954 F.2d 141, 142 n.1 (3d Cir.), cert. denied, 506 U.S. 817 (1992) (citations omitted).

A defendant is subject to the jurisdiction of a United States district court if the defendant "is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located[.]" Fed. R. Civ. P. 4(k)(1)(A). "A federal court sitting in New Jersey has jurisdiction over parties to the extent provided under New Jersey state law." Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 96 (3d Cir. 2004) (citations omitted). The New Jersey long-arm statute "permits the exercise of personal jurisdiction to

the fullest limits of due process." IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 259 (3d Cir. 1998) (citing DeJames v. Magnificence Carriers, Inc., 654 F.2d 280, 284 (3d Cir. 1981)).

Under the Due Process clause, the exercise of personal jurisdiction over a non-resident defendant is appropriate when the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)). A defendant establishes minimum contacts by "'purposefully avail[ing] itself of the privilege of conducting activities within the forum State,'" thereby invoking "'the benefits and protections of [the forum State's] laws.'" Asahi Metal Indus. Co., Ltd. v. Sup. Ct. of California, 480 U.S. 102, 109 (1987) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)). This "purposeful availment" requirement assures that the defendant could reasonably anticipate being haled into court in the forum and is not haled into a forum as a result of "random," "fortuitous" or "attenuated" contacts with the forum state. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980); see also Burger King Corp., 471 U.S. at 472, 475 (internal citations omitted).

In deciding whether a defendant's contacts with a forum are sufficient to confer personal jurisdiction over that party, the Court must consider whether such contacts are related to or arise out of the cause of action at issue in the case. The Court may exercise specific personal jurisdiction over a defendant where the cause of action is related to or arises out of activities by the defendant that took place within the forum state. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8 (1984). If the cause of action has no relationship to a defendant's contacts with a forum state, the Court may nonetheless exercise general personal jurisdiction if the defendant has conducted "continuous and systematic" business activities in the forum state. Id. at 416.

If the Court determines that the defendant has minimum contacts with the forum state, it must then consider whether the assertion of personal jurisdiction over the defendant "comport[s] with 'fair play and substantial justice'" to satisfy the due process test. Burger King Corp., 471 U.S. at 476 (quoting Int'l Shoe, 326 U.S. at 320). In this regard, it must be reasonable to require the defendant to litigate the suit in the forum state, and a court may consider the following factors to determine reasonableness: the burden on the defendant, the forum state's interest in adjudicating the dispute, the

plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining an efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies.  Id. at 477 (citing World Wide Volkswagen, 444 U.S. at 292).

### C. Personal Jurisdiction Analysis

Plaintiff has not pled any facts supporting, let alone establishing, that SEPTA would be subject to New Jersey's exercise of general personal jurisdiction.  The Third Circuit has recognized that it is "'incredibly difficult to establish general jurisdiction [over a corporation] in a forum other than the place of incorporation or principal place of business.'" Malik v. Cabot Oil & Gas Corp., 710 F. App'x 561, 564 (3d Cir. 2017) (quoting Chavez v. Dole Food Company, Inc., 836 F.3d 205, 223 (3d Cir. 2016) (quoting Monkton Ins. Servs., Ltd. v. Ritter, 768 F.3d 429, 432 (5th Cir. 2014)).  Plaintiff alleges that he is a citizen of New Jersey, but fails to plead the citizenship of Defendant SEPTA.  See (Comp. at 1).  While Plaintiff has not pled the location of SEPTA's principal place of business or state of incorporation, this Court may – and will - take judicial notice of such information.  See Amansec v. Midland Credit Mgmt., No. 2:15-cv-08798, 2017 U.S. Dist. LEXIS 18975, *8

n.38 (D.N.J. Jan. 20, 2017) (taking judicial notice of website listing entity's "headquarters and state of incorporation"). According to Pennsylvania's Department of State website, SEPTA is incorporated in Pennsylvania and maintains its headquarters at 1234 Market Street, Philadelphia, Pennsylvania 19107. Pennsylvania Department of State, Business Entity Search, https://www.corporations.pa.gov/Search/corpsearch (last visited Nov. 21, 2019); (ECF No. 13 ("Def. Br.") at 2) (identifying SEPTA as being headquartered in Philadelphia, Pennsylvania). As such, SEPTA is not a corporate citizen of New Jersey and Plaintiff has not suggested any other basis on which New Jersey could exercise general personal jurisdiction over it. Therefore, Plaintiff has not met his burden of establishing that New Jersey and this Court may exercise general personal jurisdiction over SEPTA.

Without the availability of general jurisdiction, Plaintiff must establish specific jurisdiction over SEPTA in order to maintain his case in this Court. Plaintiff must show that (1) Defendants purposefully availed themselves of the privilege of conducting activities in New Jersey, Asahi Metal Indus., 480 U.S. at 109; (2) the alleged harm arises from SEPTA's contacts with New Jersey, Helicopteros, 466 U.S. at 414; and (3) Defendants expressly aimed their tortious conduct at New Jersey

such that this forum constitutes the focal point of the tortious activity, IMO Industries, 155 F.3d at 266.  Plaintiff has not made such showings.

Plaintiff has not pled that SEPTA purposefully availed itself of the privilege of conducting business in New Jersey. Nor has Plaintiff alleged that SEPTA has or had any contact with New Jersey whatsoever, let alone "minimum contacts" supporting this Court's ability to exercise specific personal jurisdiction over it.  Plaintiff also fails to provide any proof that his claims are related to or arise out of SEPTA's activities within New Jersey.  Instead, Plaintiff alleges that all relevant conduct occurred in Philadelphia,.  See (Comp. at 3) (noting that the allegedly discriminatory conduct occurred during Plaintiff's visit to a SEPTA location in Philadelphia).  As such, Plaintiff fails to establish any basis on which this Court may exercise personal jurisdiction over SEPTA.

At this juncture, the Court must decide whether to dismiss the FAC or transfer it to another court that can exercise personal jurisdiction over SEPTA.  28 U.S.C. § 1631 governs transfer when there is "a want of jurisdiction."  See Chavez, 836 F.3d at 224 (explaining that where a court determines that personal jurisdiction over the defendants is lacking, the determination of whether to dismiss or transfer is governed by

11

28 U.S.C. § 1631 and not 28 U.S.C. § 1406(a), which concerns improper venue). Section 1631 provides in relevant part:

> [Where a] court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631; Roberts v. United States, 710 Fed. Appx. 512, 514 (3d Cir. 2017) (citing same).

The Court does not find the harsh result of dismissal appropriate under the circumstances and, in the interests of justice, will transfer this action to an appropriate forum. See, e.g., Chavez, 836 F.3d at 224 (affirming the district court's finding that the defendant was not "at home" in Delaware under general jurisdiction, but reversing the district court's dismissal, rather than transfer, of the action, finding that the interests of justice supported transfer). Certainly, Plaintiff's *pro se* Complaint and the FAC lack the formality and detail of a well-pleaded complaint, but this Court, lacking personal jurisdiction, will not reach the merits of Plaintiff's action; such will be left for determination in the transferee forum.

SEPTA argues that "[i]n the event the Court declines to

12

dismiss the Amended Complaint . . . the Court may transfer this case to the United States District Court for the Eastern District of Pennsylvania[.]" (Def. Br. at 8, n.7). In this case, SEPTA is incorporated in Pennsylvania; maintains its headquarters in Philadelphia, Pennsylvania; and appears to conduct systematic business in Philadelphia, Pennsylvania. Philadelphia falls within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania. As such, that court could properly exercise personal jurisdiction over SEPTA in relation to Plaintiff's claims and would likely be an appropriate forum as Plaintiff's ADA claim stems from conduct occurring within the territorial reach of that court. As such, the Court will transfer this action to the Eastern District of Pennsylvania for any further proceedings pursuant to 28 U.S.C. § 1631.

## CONCLUSION

For the reasons expressed above, the Court finds that personal jurisdiction over SEPTA is lacking. The Court will transfer the case to the United States District Court for the Eastern District of Pennsylvania for any further proceedings. An appropriate Order will be entered.

Date: November 27, 2019     __s/ Noel L. Hillman____
At Camden, New Jersey     NOEL L. HILLMAN, U.S.D.J.

13